**Urmila LAMA, Plaintiff,**

v.

**Joginder ("Shammi") MALIK, Neeru Malik, Kamaljit ("Minu") Singh, and Harsimran Singh, Defendants.**

**No. 13–CV–2846.**

United States District Court, E.D. New York.

Signed June 16, 2014.

---

Wilmer Cutler Pickering Hale and Dorr LLP, by Jeremy S. Wilmer, Esq., New York, NY, for Plaintiff.

Meyers Fried–Grodin, LLP, by Jonathan Myers, Esq., New York, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge:

Plaintiff Urmila Lama ("Plaintiff" or "Lama") brings this action seeking remuneration under the Fair Labor Standards Act ("FLSA") for 12 years of work as a domestic worker for the defendants Joginder "Shammi" Malik, Neeru Malik, Kamaljit "Minu" Singh, and Harsimran Singh ("Defendants"). Plaintiff also seeks, *inter alia*, compensation under the Trafficking Victims Protection Reauthorization Act ("TVPRA") against Joginder "Shammi" Malik and Neeru Malik (the "Malik Defendants") for forced labor, involuntary servitude and unlawful conduct she suffered while employed by them.

Presently before the Court is Defendants' appeal of an order of Magistrate Judge Arlene Rosario Lindsay of March 5, 2014 granting Plaintiff leave to take a one-hour deposition of Parkesh C. Sharma, Esq., and denying Defendants' motions to quash the subpoena and for a protective order. For the reasons that follow, Defendant's objections are overruled and the order of the Magistrate Judge is affirmed.

## DISCUSSION

### I. Standard of Review

A motion for leave to take a deposition or to quash a subpoena or for a protective order are non-dispositive pre-trial motions upon which a Magistrate Judge has authority to rule. *Koumoulis v. Independent Financial Marketing Group, Inc.,* 2014 WL 223173, *1 (E.D.N.Y.2014) (a magistrate judge has great discretion to resolve discovery disputes and should be reversed only when that discretion is abused) (citations omitted). Under Rule 72(a) of the Federal Rules of Civil Procedure ("F.R.Civ.P."), a district court judge may modify or set aside an order of a magistrate judge if that order is "clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (a court may reconsider any pretrial matter decided by the magistrate judge when that order is "clearly erroneous or contrary to law.")

### II. Magistrate Lindsay's Order

Plaintiff here requested leave from Magistrate Judge Lindsay to depose Parkesh C. Sharma, Esq., the eleventh deposition they sought to take and which was not consented to by the Defendants. *See* F.R.Civ.P., Rule 30(a)(2). Mr. Sharma had represented two of the Defendants in this action, the Maliks, in connection with a New York State Department of Labor ("DOL") investigation of the Plaintiff's employment with the Defendant Maliks. Defendants cross-moved to quash the subpoena and for a protective order. Mr. Sharma also opposed Plaintiff's motion, claiming the Maliks had indicated they would not waive the attorney-client privilege to permit him to testify.

By Order dated March 5, 2014 ("Order"), Judge Lindsay granted Plaintiff's motion and denied Defendants' motion. At issue is Sharma's representation of the Maliks in December 2012. In response to a request from the DOL to the Maliks for employment records concerning Plaintiff, Sharma submitted a short letter on behalf of the Maliks stating:

> With reference to your letter dated November 19, 2012 regarding an investigation pertaining to Urmila Lama [Plaintiff], we had conferred [sic] with Shammi and Neeru Malik who advised us that they had never employed Urmila Lama for the period from September 2006 through August 2008. Since Urmila Lama was never employed by the Malik's for the period of September 2006 through August 2008, no employment record is available.

*See* Declaration of Jeremy S. Winer, Esq. ("Winer Dec."), Exhibit ("Ex.") B: Letter of Parkesh Sharma, Esq. to N.Y. State DOL, December 24, 2012; *see also* Ex. A: Letter from DOL to Shammi and Neeru Malik, November 19, 2012.

Plaintiff seeks to depose Sharma on this limited issue. She contends this statement contrasts with Defendant Shammi Malik's interrogatory response in this matter that he paid Plaintiff Lama either $250 per week or $500 per month between January 2005 and August 2008. Thus, Plaintiff's counsel sought to inquire of Sharma "whether the Maliks in fact advised [him] that they 'never employed Urmila Lama for the period 2006 through August 2008." ' *See* Order, at 1. While questioning the need to confirm that Sharma was so advised, Magistrate Judge Lindsay found the Maliks waived their privilege with respect to that particular question and granted Plaintiff's motion and denied Defendants' motion to quash, limiting the deposition to one hour. *Id.* Judicial review of other permissible specific questions during the deposition could be raised at that later time, if necessary. *Id.*

## III. *Defendants' Objections*

Defendants object to the Order claiming that the deposition is improper since the Maliks never waived the attorney-client privilege of the communications at issue with their attorney Mr. Sharma, and further claim that they did not even know that Sharma wrote to the DOL about their relationship with the Plaintiff. Arguing that depositions of opposing counsel are disfavored in the Second Circuit, they claim the usual factors that might permit such disclosure are not present here; namely, the privilege was not waived, the information can be obtained through other means, and it is not crucial to this case. *See* Defendants' Objections, at 2–5.

Plaintiff argues that Magistrate Judge Lindsay correctly found that the privilege was waived as to what the Maliks told him when he repeated it in the letter he sent to DOL on their behalf. This was at least an implied waiver, and Defendants' claim that they did not know of the contents of the letter sent on their behalf to DOL, is a failure on their part to preserve the confidentiality of their otherwise privileged communication.

## III. *The Legal Principles*

■ When determining whether a deposition of an opponent's counsel should be permitted, the Second Circuit has adopted a "flexible approach," warranting consideration of many factors, such as "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir.2003). Thus, that a proposed deponent is a lawyer "does not automatically insulate him or her from a deposition." *Id. See also Chevron Corp.*

*v. Donziger*, 2013 WL 1087236, *1–2 (S.D.N.Y.2013) (applying the "flexible approach" factors of *Friedman* to a subpoena seeking an attorney deposition).

■ The issue here is whether the privilege regarding the communications between Malik and their attorney Sharma was waived when Sharma shared that communication with the DOL in response to its inquiry letter. It is well-established that the attorney-client privilege belongs solely to the client and it may only be waived by him or her. An attorney may not waive the privilege without his client's consent. *In re von Bulow*, 828 F.2d 94, 100 (2d Cir.1987), citing *Republic Gear Co. v. Borg–Warner Corp.*, 381 F.2d 551, 556 (2d Cir.1967). Indeed, the attorney's disclosure of the communication does not relinquish the privilege without the client's consent or waiver. *In re von Bulow*, 828 F.2d at 100, citing *Schnell v. Schnall*, 550 F.Supp. 650, 653 (S.D.N.Y.1982) and 8 J. Wigmore, Evidence § 2325 (McNaughton rev. ed.1961), at 633 (attorney's voluntary disclosures remain privileged unless impliedly authorized by client).

■ Yet, the Second Circuit has acknowledged that there may be certain circumstances where an attorney possesses " 'an implied authority to waive the privilege on behalf of his client.' " *In re von Bulow*, 828 F.2d at 101, citing *Drimmer v. Appleton*, 628 F.Supp. 1249, 1251 (S.D.N.Y.1986) and Wigmore, supra, § 2325. And it is the client's responsibility to ensure continued confidentiality if he seeks to preserve the privilege. *Id.*, citing *In re Horowitz*, 482 F.2d 72 (2d Cir.), *cert. denied*, 414 U.S. 867, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973).

In *von Bulow*, at issue were communications between Claus von Bulow and his attorney Alan Dershowitz that formed the basis of Mr. Dershowitz' subsequently

published book about von Bulow's murder charges. The district court judge found that even though it was the attorney who revealed the communication, the client, Mr. Von Bulow, had impliedly waived the privilege by "encouraging or acquiescing" in disclosing the information, since he was well aware of and indeed had encouraged the book's publication. Thus, the court permitted discovery of all of the four conversations between von Bulow and Dershowitz from which the book was published. *von Bulow v. von Bulow*, 114 F.R.D. 71, 76–77 (S.D.N.Y.1987).

On appeal, the Second Circuit agreed that based on von Bulow's "acquiescence in and encouragement of" the attorney's publication of the book, the client had effectively waived the privilege. *In re von Bulow*, 828 F.2d at 101. Yet, the Court narrowed that waiver, finding it applied only to particular matters that were "*actually disclosed* in the book," but not to the conversations that were never published and therefore remained secret. *Id.*, at 102 (emphasis in the original). *See also Drimmer v. Appleton*, 628 F.Supp. 1249 (S.D.N.Y.1986) (attorney had implied authority to waive the privilege when client was present in the courtroom but did not object to his attorney's testimony); *see In re Grand Jury Subpoenas Dated December 18, 1981 and January 4, 1982*, 561 F.Supp. 1247, 1253, n. 3 (E.D.N.Y.1982) (noting that various courts recognize that an attorney has the implied authority to make disclosures that waive the privilege on the client's behalf) (citations omitted).

## IV. *Disposition of the Appeal*

 Defendants argue that since the letter at issue was written by Mr. Sharma and not the Maliks, and that the Maliks claim that they did even know that Sharma made a representation about their relation-

ship to Plaintiff in the letter, they could not have waived the privilege as to its contents. The Court finds this disingenuous, particularly since the initiating letter from the DOL was sent directly to the Maliks, *see* Winer Decl., Ex. A, and the text of Sharma's letter in response explicitly states that "this law firm represents Shammi and Neeru Malik in connection with the above referenced matter." *See* Winer Decl., Ex. B. Even if the Maliks did not specifically see or review the response letter as they claim, it is apparent they gave the inquiry letter to Mr. Sharma to respond on their behalf. They cannot now turn a blind eye to correspondence they clearly asked their lawyer to send on their behalf and then claim they never saw it and therefore never waived the privilege. As the Second Circuit noted in *In re von Bulow*, if a client wants to preserve the privilege, he cannot sit back but must take "affirmative steps to preserve confidentiality." 828 F.2d at 101 (quoting *In re Horowitz*, 482 F.2d 72 (2d Cir.1973)).

Furthermore, the Court finds that Magistrate Lindsay appropriately tailored the permitted question to preserve the privilege that protects the remainder of the communications between Sharma and the Maliks that were not revealed in the DOL letter, in a manner similar to that outlined by the Second Circuit in *In re von Bulow*. Magistrate Lindsay's Order only permits questioning only on the specific statement contained in the letter, namely—did the Maliks advise Sharma that they never employed Plaintiff for the period from 2006 through August 2008?[1]

Defendants also argue that this deposition should be precluded because Plaintiff has other means to discover what compensation the Maliks paid to Plaintiff, and that this testimony is not crucial to the case.

---

**1.** The Order allows for further judicial review of additional questions, if necessary.

*See* Defendants' Memorandum, at 4–5. Yet, it is clear to this Court that Plaintiff seeks this testimony to impeach the credibility of the Maliks, rather than collect facts regarding compensation that was or was not paid. Using the "flexible approach" adopted by the Second Circuit in *Friedman, supra,* the Court finds that review of the various considerations here, including Sharma's unique role in the early investigation into the issues of this case, the potentially inconsistent statements made by the Maliks which are now relevant to this litigation, the limited implied waiver by the Maliks of the communications contained in the letter, and the protection of the attorney-client privilege of communications beyond those contained in the letter, a limited deposition of Sharma is permissible.

Having reviewed the decision of the Magistrate Judge and the submissions of the parties, the Court finds that the decision of the Magistrate Judge permitting a limited deposition of Parkesh C. Sharma, Esq., and denying Defendants' motion to quash and for a protective order was neither clearly erroneous nor contrary to law, and should not be disturbed.

### CONCLUSION

Defendants' objections to the Order of Magistrate Judge Lindsay granting Plaintiff leave to take a limited deposition of Parkesh C. Sharma, Esq. as described in the Order, and denying a protective order to prevent that testimony, are hereby overruled. The Order of Magistrate Judge Lindsay appearing at docket entry number 65 is affirmed.

SO ORDERED.